

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,795-01

### EX PARTE MORGAN DANIEL BARKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2017F00123-A IN THE 5TH DISTRICT COURT
### FROM CASS COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to aggravated assault with a deadly weapon and was sentenced to fifteen years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Barker v. State*, No. 06-18-00203-CR (Tex. App. — Texarkana May 7, 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel advised Applicant to plead guilty, but failed to properly advise Applicant of the level of the charge against him and the potential punishment range. Applicant also alleges the State withheld material information from the defense, specifically a Child Protective Services Report. Applicant has alleged facts that, if true,

might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Brady v. Maryland*, 373 U.S. 83 (1963); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings of fact and conclusions of law as to whether the Child Protective Services Report exists, whether the State withheld the Child Protective Services Report, whether the report was material, and whether this information was made available to the defense prior to Applicant's guilty plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:         February 12, 2020
Do not publish